UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
ABEL ACOSTA SALAZAR,

                              Plaintiff,

            -against-

OFFICER FELICIANO, Shield No. 1457;
OFFICER BRAIG; CAPTAIN OMESS,

                              Defendants.
---------------------------------------------------------------

20-CV-4116 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

       Plaintiff, currently incarcerated in the Westchester County Department of Correction, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him. By order dated June 15, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Service on Officer Feliciano, Officer Braig, and Captain Omess**

       Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants until the Court reviewed the complaint and ordered that

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Feliciano, Officer Braig, and Captain Omess through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In the responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Officer Feliciano, Officer Braig, and Captain Omess and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action. Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In his responses, Tate must quote each request verbatim.

SO ORDERED.

Dated:   June 18, 2020
        White Plains, New York

                                          VINCENT L. BRICCETTI
                                          United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Feliciano, Shield No. 1457
   Westchester County Department of Correction
   P.O. Box 10, Woods Rd.
   Valhalla, NY 10595

2. Officer Braig
   Westchester County Department of Correction
   P.O. Box 10, Woods Rd.
   Valhalla, NY 10595

3. Captain Omess
   Westchester County Department of Correction
   P.O. Box 10, Woods Rd.
   Valhalla, NY 10595